UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

HAROLD HOWARD,

                Defendant.

Case # 12-CR-84-RJA

DECISION AND ORDER

In March 2012, Defendant Harold Howard was indicted on charges of narcotics conspiracy, possession of cocaine with intent to distribute, possession of firearms in furtherance of drug trafficking, felon in possession of firearms and ammunition, and possession of an unregistered machine gun. ECF No. 1. In February 2013, Defendant was found guilty of all charges after a jury trial held before District Judge Richard J. Arcara. ECF No. 93. The judgment was affirmed on appeal. ECF No. 134. In 2017, Defendant filed a Section 2255 petition. In June 2021, the undersigned denied the petition. ECF No. 184. Defendant's appeal was thereafter dismissed. ECF No. 187. Now, in a motion purportedly brought under Federal Rule of Civil Procedure 60(b)(6), Defendant argues that the jury was not properly instructed regarding *mens rea* in connection with his machine-gun charge. *See* ECF No. 188 at 9-10. He also asserts that defense counsel was ineffective for failing to raise the issue. *See id.* at 10-11. Defendant moves to set aside this Court's ruling on his Section 2255 petition. *Id.* at 1. Defendant's motion must be denied because Rule 60(b) is not the proper vehicle for it.

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for several enumerated reasons. Fed. R. Civ. P. 60(b). For example, a court may grant relief under subsection (b)(1) on the basis of "mistake, inadvertence,

1

surprise, or excusable neglect," and may do so under subsection (b)(2) on the basis of "newly discovered evidence." Fed. R. Civ. P. 60(b)(1), (2). Subsection (b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

In the habeas context, however, Rule 60(b) may be invoked "only when the . . . motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Because Defendant has already filed a Section 2255 motion, the Court must determine whether the current filing is "a *bona fide* Rule 60(b) motion [or] a disguised second or successive habeas petition," *Hall v. Haws*, 861 F.3d 977, 985 (9th Cir. 2017), subject to the requirements of 28 U.S.C. §§ 2244(a), 2244(b)(3), and 2255(h). In other words, a petitioner who uses Rule 60(b) "to present new claims for relief from [his criminal] judgment—even claims couched in the language of a true Rule 60(b) motion"—is "in substance" presenting a "successive habeas petition [which] should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see, e.g.*, *Graves v. Phillips*, 531 F. App'x 27, 29 (2d Cir. 2013) (summary order) (petitioner's Rule 60(b) motion was an improper successive habeas petition to the extent it "raise[d] a new objection to his conviction based on a *Brady* violation distinct from that which formed the basis of his original habeas petition," but was a permissible Rule 60(b) motion to the extent it "alleged a due process violation in his original habeas proceeding").

In this case, Defendant does not challenge any "defect in the integrity of the federal habeas proceedings," *Gonzalez*, 545 U.S. at 532, but instead raises new claims that allegedly call into question the integrity of one of his convictions. Because such claims do not call into question the integrity of his previous habeas proceeding, however, they may not be brought pursuant to Rule 60(b). *See Ward v. Griffin*, No. 15-CV-2579, at *2 (E.D.N.Y. June 22, 2020) ("A motion that seeks to add a new ground for relief . . . can only be raised in a successive habeas petition, as

2

compared to a motion identifying some defect in the integrity of the federal habeas proceedings, which may be considered on a Rule 60(b) motion." (internal quotation marks omitted)); *see also Rodriguez v. United States*, No. 09-CV-2063, at *4 (S.D.N.Y. Aug. 28, 2018) ("[Petitioner] presents entirely new ineffective assistance claims involving his trial and appellate counsel that were not raised during his habeas proceedings. These claims directly attack, and seek modification of, [his] sentence. Such claims cannot be presented for the first time in a Rule 60(b)(6) motion.").

Accordingly, the Court denies Defendant's purported Rule 60(b) motion because it is, in fact, "beyond the scope of Rule 60(b)." *Mighty v. United States*, No. 15-CR-6109, 2022 WL 11961209, at *1 (W.D.N.Y. Oct. 20, 2022) (internal quotation marks omitted). To the extent Defendant wishes to pursue these arguments via Section 2255, he must follow the procedures laid out in 28 U.S.C. §§ 2244(b)(3), and 2255(h). *See* 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive Section 2255 petition); 28 U.S.C. § 2255(h) (listing circumstances in which a second or successive petition may be certified); *see also Washington v. United States*, 868 F.3d 64, 64-65 (2d Cir. 2017) (mem. op.) (discussing standards for second or successive Section 2255 motions).

Defendant's Rule 60(b) motion (ECF No. 188) is DENIED. Defendant's motions for a status report (ECF No. 191), to compel (ECF No. 192), and for mandamus[1] (ECF No. 193), are DENIED AS MOOT.

IT IS SO ORDERED. Dated:

January 29, 2025  
Rochester, New York

HON. FRANK P. GERACI, JR.  
United States District Judge  
Western District of New York

---

[1] This motion appears to be directed to the Second Circuit, *see* ECF No. 193 at 1, but to the extent it is directed at this Court, it is denied as moot.