UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

UNITED STATES OF AMERICA,

v.                                                              **DECISION AND ORDER**
                                                                        12-CR-84-A

HAROLD HOWARD,

                           Defendant.

═══════════════════════════════

Before this Court are two *pro se* motions filed by Defendant Harold

Howard (hereinafter "Howard") over a decade after he was convicted at trial

and over nine years after the Second Circuit issued its mandate affirming

his conviction on direct appeal.  *See*, Dkt. 195 and 198.[1]  In both motions,

Howard seeks a new trial based upon "newly discovered evidence" and

cites to Fed.R.Crim.P. 33 as the basis for his relief.  His first motion,

characterized as a "motion for appointment of counsel, new trial based on

newly discovered evidence and immediate release from custody pending

disposition," *see*, Dkt. 195, was filed on December 23, 2025.  His second

motion, a motion for a "new trial pursuant to Fed.R.Crim.P. 33," was filed

---

[1] References herein, unless otherwise indicated, are to Docket Entries in the case of
*United States v. Harold Howard*, 12-CR-84-A.

on February 9, 2026.  *See*, Dkt. 198.[2]   The government filed a response to

such motions, *see*, Dkt. 201, and Howard replied. Dkt. 202.  For the

reasons which follow, this Court determines that although Howard's newly-

discovered evidence claim is untimely, the Government has forfeited its

right to raise such defense.  Nevertheless, considering the motion on its

merits, the Court determines that is should be denied.

## **BACKGROUND**

I.    **The Indictment and Trial**

On March 6, 2012, a grand jury returned an indictment, charging

Howard with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846

(conspiracy to possess with intent to distribute and to distribute 5 kilograms

---

[2] In reviewing the Docket in this case, the Court observes that in addition to both motions requesting a new trial, there remain seven additional *pro se* motions previously filed by Howard which also show as still pending.  Five of those motions were filed in 2013 and 2014 and pertained exclusively to relief he sought in conjunction with his direct appeal of his conviction.  Those motions consisted of: two motions for appointment of counsel, Dkt. 101 and 110; two motions to proceed *in forma pauperis*, Dkt. 102 and 109; a motion for extension of time to appeal, Dkt. 108.  As Howard's appeal was heard by the Second Circuit and his conviction affirmed by that Court by mandate issued June 24, 2016, those motions are now moot.  More recently and in connection with his 2017 motion to vacate his conviction pursuant to 28 U.S.C. § 2255, *see*, Dkt. 134, Howard also filed two additional *pro se* motions which also still show as pending on the Docket: a motion for a temporary stay, *see*, Dkt. 171; and a motion to compel, *see*, Dkt. 176.  Since Howard's §2255 motion was subsequently denied by this Court, *see*, Dkt. 185, and his appeal of that denial dismissed by the Second Circuit, *see*, Dkt. 187, those motions are also now moot.  Accordingly, this Court will administratively terminate these seven pending *pro se* motions. *See*, Dkt. 101, 102, 108, 109, 110, 171, and 176.

or more of cocaine) (Count 1); 21 U.S.C. § 841(a)(1), (b)(1)(B) (possession with intent to distribute 500 grams or more of cocaine) (Count 2), 18 U.S.C. § 924(c), (c)(1)(B)(ii) (possession of a firearm in furtherance of a drug trafficking felony) (Count 3), 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of firearms and ammunition) (Count 4), and 26 U.S.C. §§ 5841, 5845(a)(6), 5845(b), 5861(d), and 5871 (possession of an unregistered machine gun) (Count 5).  Dkt. 1.

During the seven-day jury trial conducted before this Court in February 2013,[3] the Government introduced evidence that Howard was a cocaine trafficker operating a large-scale business in Atlanta, Georgia, and Buffalo, New York. One of Howard's co-conspirators, Myron Johnson ("Johnson") testified for the Government that Howard traveled to Atlanta two to three times per month; on each trip, Howard bought three to four kilograms of cocaine at $30,000 per kilogram. He then transported it to New York where he broke it down into 125-gram ("eight ball") and 250-gram ("quarter key") quantities to sell in the Buffalo market.

In November 2009, New York State Trooper David Gandy ("Gandy") and his partner conducted a traffic stop of a vehicle driven by Howard.

---

[3] The trial transcripts are docketed at Dkt. 125-130.

Detecting a strong odor of marijuana in the vehicle, Gandy searched the vehicle, initially using a trained dog. After the dog alerted to the presence of narcotics, the officers retrieved three eight balls of crack cocaine and a loaded Glock pistol inside the car.[4] Forensic testing indicated that Howard could not be excluded from the pool of major DNA contributors found on the firearm.

On November 16, 2011, Erie County law enforcement officers went to 43 Ruspin Street in Buffalo to execute a search warrant at the upper apartment. While they were there, they saw Johnson and Howard pull into the residence in Johnson's Jeep. After encountering Johnson near the lower apartment and having seen marijuana in plain view while speaking with Johnson's mother at the lower apartment, the officers obtained a search warrant for the lower apartment and Johnson's Jeep. During the search of the lower apartment, the officers found a heat sealer, approximately $50,000 in a heat sealed package, a money counter, and cocaine divided into five heat sealed packages. One package found inside 43 Ruspin weighed one-half kilogram, two packages weighed one-quarter

---

[4] Based on this incident, Howard was indicted and subsequently convicted on January 30, 2013, of second-degree criminal possession of a weapon and fourth-degree criminal possession of a controlled substance. *People v. Howard*, 129 A.D.3d 1469 (4th Dep't 2015).

4

kilogram each, one package weighed 78 grams, and one weighed 24 grams. The officers also found a firearm and ammunition. In Johnson's Jeep, the officers located an additional one-quarter kilogram of cocaine.

Law enforcement officers then obtained a search warrant for 93 Elmer Street and its detached garage, based in part on Johnson's *in camera* testimony that Howard had purchased the property to use as a stash house but titled it in the name of his girlfriend. It appeared to the officers that no one was living at 93 Elmer Street. The only evidence of criminal activity found inside the house was a heat sealer. Inside the detached garage, officers located a 2008 Hummer H2 registered to Howard. Keys to 93 Elmer, the detached garage, and the 2008 Hummer were located on a key ring found in Howard's pants pocket when he was arrested.

After obtaining a search warrant, law enforcement officers seized three wrapped kilograms of cocaine, three loaded firearms, and assorted ammunition from the Hummer. Johnson testified that Howard regularly used firearms in connection with his drug-trafficking business and carried a firearm for protection. One of the firearms retrieved from the vehicle was an SWD Incorporated M-11/9 fully automatic machinegun. According to

Johnson, Howard acquired the machine gun to kill a specific person who had "snitched" on him in the past.

## II. The Verdict, Motion for a New Trial, and Sentencing

On February 14, 2013, the jury returned guilty verdicts on Counts 2 through 5 as charged and, on Count 1, for a lesser included offense based on a smaller amount of cocaine (500 grams or more versus the 5 kilograms or more charged in the indictment).  Dkt. 93.

Howard moved for a new trial, Dkt. 79, 81, which the Government opposed, Dkt. 82. On June 7, 2013, this Court issued a written decision and order denying the new trial motion.  Dkt. 90.

On July 18, 2013, this Court sentenced Howard principally to a term of imprisonment of 420 months (35 years). Dkt. 96, 114 (sentencing transcript).

## III. The Direct Appeal

Howard pursued a direct appeal, arguing that: the Court abused its discretion in making several evidentiary rulings; the prosecutor committed misconduct by misstating the law during summation; and the Court committed plain error by admitting certain expert testimony. The Second Circuit rejected those arguments on the merits and affirmed the conviction

on February 8, 2016, *see*, *United States v. Howard*, No. 13-3110(L), 14-1086-cr(Con), 639 F. App'x 686 (2d Cir. 2020) (summary order), and issuing its mandate on June 24, 2016.  *See* Dkt. 134.

### IV. The § 2255 Proceeding

On March 28, 2017, Howard filed a motion to vacate pursuant to 28 U.S.C. § 2255 motion.  Dkt. 136.  Subsequent to filing such motion, Howard also filed motions to amend his §2255.  Dkt. 148, 154.  On June 30, 2021, Judge Geraci of this Court issued a written decision and order, in which he, *inter alia*, granted Howard's motions to amend his §2255 but denied his §2255 motion on the merits.  Dkt. 184.  Howard appealed the denial of his §2255, and on February 24, 2022, the Second Circuit issued its mandate denying his request for a certificate of appealability and *in forma pauperis* status and dismissing his appeal on the ground that Howard failed to make "a substantial showing of the denial of a constitutional right." Dkt. 187 (citing 28 U.S.C. § 2253(c)).

### V. The Rule 60(b) Motion

On April 6, 2023, Howard filed a motion seeking relief from his judgment of conviction pursuant to Fed.R.Civ.P. 60(b).  *See*, Dkt. 188. On January 29, 2025, Judge Geraci issued a decision and order denying such

7

motion on the grounds that his claims were "beyond the scope of Rule 60(b)." Dkt. 194, p.3.

## VI.  The Instant Claim – Newly Discovered Evidence

On December 23, 2025, Howard filed the first of his two motions seeking a new trial pursuant to Rule 33 of the Fed. R. Crim. P. based upon newly discovered evidence and seeking appointment of counsel for the purpose of pursuing such claim. Dkt. 195, 198.   In his motions, Howard claims that there exists newly discovered evidence which impugns the credibility of Erie County Sheriff's Detective D.J. Granville one of the law enforcement officers who testified against him at trial. *See*, Dkt. 125, pp. 36-169.  According to Howard, that newly discovered evidence is a written decision and order that this Court issued May 29, 2025, granting a motion to suppress evidence based upon a Fourth Amendment violation in an unrelated prosecution involving an individual named David Burgin. *See*, *United States v. David Burgin*, WDNY Docket 20-CR-29-A.[5]

The defendant in *Burgin* filed a motion to suppress evidence obtained through the search of a premises at 56 Grimes Street in Buffalo, NY. *Burgin*, Dkt. 282. Detective Granville was one of the law enforcement

---

[5] References herein preceded by "*Burgin*" are to Docket Entries set forth on the WDNY docket in *United States v. David Burgin*, 20-CR-29-A.

officers who participated in that search. In a decision and order dated May 29, 2025, *see*, *Burgin*, Dkt. 769, this Court, adopted certain conclusions reached in several Report, Recommendation, and Orders issued by Magistrate Judge Schroeder who presided over the suppression hearing in that case.  *See*, *Burgin*, Dkt. 632, 680, and 758.  As relevant here, while this Court noted that the Magistrate Judge did "not make any explicit credibility findings with respect to Granville," *Burgin*, Dkt. 769, p. 35, this Court did accept the Magistrate Judge's findings wherein the Magistrate Judge "(1) disbelieved Granville's explanation for proceeding up to the second floor a second time as "mak[ing] no sense"; (2) disagreed with Granville's characterization of searching through drawers, garbage bags, and cabinets without an authorized warrant as a simple "lapse of judgment" or a "mistake"—instead, this was "most disconcerting" and an "egregious violation of the Fourth Amendment"; and (3) found Granville's third foray onto the second floor yet a third time before the second warrant was issued as "[e]ven more astonishing." *Burgin*, Dkt. 769, pp. 35-36.

Based upon the foregoing findings involving Detective Granville's testimony at the suppression hearing made by the Magistrate Judge and adopted by this Court in *Burgin*, Howard claims he is entitled to a new trial. For the reasons which follow, this Court disagrees.

## **DISCUSSION**

### 1. **The Government Has Forfeited Any Argument That Howard's Motion is Untimely**

Rule 33(a) of the Federal Rules of Criminal Procedure provides, in part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." By its terms, Rule 33 sets some very specific time limits within which a defendant must file a motion to vacate a judgment and grant a new trial. Fed. R. Crim. P. 33(b).  According to the Rule, such motion ordinarily must be filed within 14 days of the verdict. Fed. R. Crim. P. 33(b)(2).  That short two-week window within which to file such a motion is expanded in situations, such as that raised here, in which a defendant's request for a new trial is based upon newly discovered evidence.  *See*, Fed. R. Crim. P. 33(b)(1).  When a defendant's Rule 33 motion is premised on a claim of newly discovered evidence, the time within which such motion may timely be filed is extended to "within 3 years after the verdict or finding of guilty." *Id*.

These time limits under Rule 33 amount to "inflexible" claim-processing rules, but since they are not "jurisdictional," they are subject to the extension-of-time provisions of Rule 45(b) of the Federal Rules of Criminal Procedure. *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per

curiam); see also *United States v. Robinson*, 430 F.3d 537, 541 (2d Cir.

2005) ("The time limitations specified in Rule 33 are read in conjunction

with Rule 45, which establishes how to compute and extend time."):

Nevertheless, "because of Rule 45(b)'s insistent demand for a definite end

to proceedings," Rule 33's application as a claim-processing rule is

"admittedly inflexible." *Eberhart*, 546 U.S. at 19.

In this case, Howard's claim of "newly discovered evidence" focuses

on credibility determinations involving Detective Granville made by this

Court, in an entirely unrelated, subsequent prosecution involving David

Burgin.  Specifically, in a decision and order dated May 29, 2025, this Court

determined that Detective Granville, who during his involvement in a drug

investigation pertaining to Burgin participated in a 2020 search of premises

associated with Burgin, provided certain testimony at a suppression

hearing regarding that search that was not believable.   Detective Granville

had previously been involved in Howard's investigation and was called as a

government witness at Howard's 2013 trial.

Because the Second Circuit's mandate on Howard's direct appeal

was issued on June 25, 2016, his 3-year window for filing his Rule 33

motion closed on June 25, 2019. *See, United States v. Camacho*, 370 F.3d

303 (2d Cir. 2004)( Rule 33(b)(1)'s three-year time limit for filing such

11

motion begins to run on the date on which the Court of Appeals issues its mandate on defendant's direct appeal).  However, Howard did not file his Rule 33 motion until December 23, 2025, long after the 3-year time limit established in Rule 33(b)(1) expired.

Nevertheless, since the Government, in their responding memorandum to  Howard's Rule 33 "newly discovered evidence" motions, *see*, Dkt. 201, opposes them exclusively on the merits—and fails even to raise a defense of untimeliness—this Court determines that the Government has forfeited such defense.  *Eberhart*, 546 U.S. at 19 ("[C]laim-processing rules thus assure relief to a party properly raising them, but do not compel the same result if the party forfeits them. Here, where the Government failed to raise a defense of untimeliness until after the District Court had reached the merits, it forfeited that defense."). Accordingly, this Court must consider the merits of Howard's claim.

### 2. Howard's Motions Regarding Newly Discovered Evidence Have No Merit

On the merits, Howard's claim essentially boils down to the contention that there is new evidence in the form of this Court's recent adverse credibility finding involving Detective Granville in the *Burgin* case which undermines the credibility of Detective Granville who was involved in

Howard's prior investigation and who testified against Howard at trial. Such assertion is both logically and legally flawed.

Generally, Rule 33 "confers broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). But "[t]o grant [a Rule 33] motion, '[t]here must be a real concern that an innocent person may have been convicted.'" *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 1997)) (alteration omitted). Although a "trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, ... it nonetheless must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.' " *United States v. Ferguson*, 246 F.3d at 134 (quoting *Sanchez*, 969 F.2d at 1414). "In evaluating a Rule 33 motion, the court must 'examine the entire case, take into account all facts and circumstances, and make an objective evaluation,' keeping in mind that the 'ultimate test' for such a motion is 'whether letting a guilty verdict stand would be a manifest injustice.' " *United States v. Alston*, 899 F.3d 135, 146 (2d Cir. 2018) (internal citations omitted). Evidence that "merely discredits a government witness and does not directly contradict the government's case ordinarily does not justify the

grant of a new trial." *United States v. Spencer*, 4 F.3d 115, 119 (2d Cir. 1993).

While the Court will not rehash all the evidence presented at trial, suffice it to say that the case against Howard did not hinge on the testimony of Detective Granville. In fact, the evidence against the Howard at trial was largely provided by law enforcement officers who worked independently of Deputy Granville.   In that regard, a law enforcement officer from the DeKalb County Sheriff's Department in Georgia testified regarding a 2009 vehicle stop of Howard which occurred in Atlanta, Georgia, as Howard was on his way to purchase four kilograms of cocaine in 2009.  Photographic evidence regarding such stop was presented at trial. Additionally, testimony from a New York State Trooper was presented regarding a traffic stop conducted in Western New York during which Howard was found to possess a firearm and quantities of cocaine base packaged for distribution. Neither of those incidents had anything to do with Detective Granville.  Additionally, Howard's codefendant Myron Johnson also testified at trial about their (Howard and Johnson's) arrangement to have Howard transport cocaine from Atlanta, Georgia to Buffalo, New York for Johnson to distribute.  Johnson himself described their arrangement for splitting profits, determining which people to whom they would sell cocaine,

14

and where the cocaine would be stored prior to sale.  Johnson also testified that he provided Deputy Granville with information that Howard kept contraband in his Hummer and such information ultimately resulted in the search warrant of Howard's vehicle and the discovery of the machine gun and cocaine therein.  Johnson himself testified that he knew that Howard kept the contraband which was ultimately found in Howard's vehicle in that location.

Moreover, Howard fails to provide any specific allegations of misconduct or false testimony by Deputy Granville or any other officers in his case.  Rather, Howard simply attaches a media account summarizing the Burgin decision and asks this Court simply to disregard the overwhelming independent evidence presented at his trial. *See*, Dkt. 198, pp. 7-11.  Absent even a scintilla of evidence to suggest that Granville was untruthful during Howard's investigation or trial, Howard's claim must fail. *See*, *United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992)("when the newly discovered evidence focuses on the perjury of a witness, a threshold inquiry is whether the evidence demonstrates that the witness in fact committed perjury.").

In "examin[ing] the entire case, tak[ing] into account all facts and circumstances, this Court does **not** conclude that letting the jury's guilty

15

verdict stand "would be a manifest injustice." *Ferguson*, 246 F.3d at 134.

To grant the motion, "[t]here must be a real concern that an innocent

person may have been convicted." *Id*. No such concern exists in this case,

and therefore, Howard's motions are denied.

## CONCLUSION

For the foregoing reasons, Howard's motions (Dkt. 195 and 198) are

**DENIED**.

**SO ORDERED.**

Dated: Buffalo, New York.  March 30, 2026.

*s/Richard J. Arcara*
HON. RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE
