UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
12-CR-84-A

HAROLD HOWARD,

Defendant.

—————————————————————————

Before this Court is Defendant's *pro se* motion for reconsideration, *see*, ECF #204, of this Court's March 30, 2026, Decision and Order, *see*, ECF #203, which, *inter alia*, denied Defendant's motions, *see*, ECF #198, for a new trial.  Defendant's motion is **DENIED**.

## DISCUSSION

"The standard for granting ... a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to

correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). Of course, "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, Defendant Howard's arguments in support of his reconsideration motion equate to an improper rehashing of issues previously addressed by this Court. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (reconsideration motions are not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' " (citation omitted)).  Spcifically, Defendant in his reconsideration request merely realleges and rehashes his unsubstantiated and conclusory assertion that he "believes,"  *see*, ECF #204, pp. 10-11, that one of the law enforcement officers involved in his investigation and who testified at his 2013 trial was "dirty."  Such belief is apparently based upon a 2025 adverse credibility finding involving such officer in an unrelated case brought many years after Defendant's trial and conviction.  Indeed, aside from mere conjecture, Defendant neither points to a change of controlling law nor any

2

new evidence which would cause this Court to reconsider its prior Decision and Order.

## CONCLUSION

For the foregoing reasons, Howard's motion for reconsideration (ECF #204) is **DENIED**.

**SO ORDERED.**

Dated: Buffalo, New York.  May 4, 2026.


                                    *s/Richard J. Arcara*
                            HON. RICHARD J. ARCARA
                            UNITED STATES DISTRICT JUDGE